IDA MAY GLASS, Respondent, v. LEWIS A. GRYTE, Appellant.— Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur. Findings of fact IV, V, VI, VII, VIII, IX, IX (two are numbered IX) and X contained in the decision are reversed. The court makes new findings that the so-called contract for the purchase of lots numbered 205 and 206, signed and executed on or about May 5, 1927, is void because of false and fraudulent representations made by plaintiff's assignor Helmolt, president of the corporation National City Builders, that he would cancel a contract which the defendant had made to purchase lots 217 and 218 of the same tract. He then had no interest in the contract and no power to cancel.

JAMES DEAL, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

JAY W. McNITT, Respondent, Appellant, v. ANNA L. ALLABEN, Appellant. JAY W. McNITT, as Administrator, etc., of CARRIE A. McNITT, Deceased, Respondent, Appellant, v. ANNA L. ALLABEN, Appellant.— Judgment modified by increasing the recovery in the Jay W. McNitt action by the sum of $3,676.69, with interest thereon from November 2, 1925, and as so modified affirmed, with costs to the plaintiff, appellant, and by increasing the recovery in the action brought by Jay W. McNitt, as administrator, by the sum of $1,731.15, with interest from November 2, 1925, and as so modified affirmed, with costs to the plaintiff, appellant. The court reverses findings of fact numbered 13, 15, 20, 24, 29, 33, 36, 37, 38, 39, 41, conclusions of law numbered 1, 2 and 3, contained in defendant's requests to find, and conclusion of law numbered 1, contained in the decision of the referee, and makes the following new finding: That John McNitt was the general agent of defendant in the conduct of her farm in the town of Morris, N. Y., with full power to employ help and to obtain the loan of money when necessary for the benefit of defendant and her farm, and to make payments therefor in money if same was available, if not, to obligate the credit of defendant in the form of notes, and that the note payable to Jay W. McNitt for $3,676.86 dated November 2, 1925, is a liability, debt and obligation of the defendant, and that the note payable to Carrie A. McNitt for $1,731.15 dated November 2, 1925, is a liability, debt and obligation of the defendant. Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ., concur.